94 F.3d 644
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John S. COLLINS, Plaintiff-Appellant,
v.
NATIONAL LABOR RELATIONS BOARD, Defendant-Appellee.
 No. 95-3616.
 United States Court of Appeals, Sixth Circuit.
 Aug. 12, 1996.
 
 Before: WELLFORD, NORRIS and DAUGHTREY, Circuit Judges.
 PER CURIAM.
 
 
 1
 The plaintiff, John S. Collins, filed a complaint in federal district court, seeking to force the National Labor Relations Board to reopen its 20-year-old "unfair labor practice" case against his employer, and to require his employer to comply fully with the Board's 1975 order in that case. The district court dismissed the case for lack of jurisdiction. We affirm that ruling and conclude, further, that this court lacks jurisdiction to review the plaintiff's complaint. We therefore dismiss the appeal.
 
 
 2
 The plaintiff is an Ohio resident who has worked for General Electric Company in Cleveland for many years. He is a member of the International Union of Electrical Workers, Local 707. In May 1975, General Electric terminated Collins's employment. After Collins filed an unfair labor practice charge with the National Labor Relations Board, however, the Board ordered General Electric to reinstate Collins with back pay, benefits, and no loss of seniority. In March 1976, the Board's Regional Director issued a notice closing the case, but retaining jurisdiction to remedy departures from the terms of the Board's order. Collins returned to work in May 1976 with only limited back pay, however, because General Electric informed him that in June 1975, it would have laid him off with other workers in his seniority category even if he had not been terminated.
 
 
 3
 In 1989, Collins allegedly received information from another, unnamed GE employee indicating that during its 1975-76 layoffs, General Electric had retained the other employee, even though he had less seniority than Collins. Collins claims that because General Electric gave the Board inaccurate information about his seniority status, he was wrongly denied additional back pay and seniority. Collins wrote to both the Board's Regional Director and to its General Counsel seeking to have his case reopened. Both refused to reopen the case, claiming that the case file had been destroyed and that it was therefore impossible to reconstruct the documentation about General Electric's compliance with the Board's remedial order.
 
 
 4
 Collins sued the Board in federal district court, seeking a declaratory judgment that the Board must provide him appropriate remedies for General Electric's "contempt" of the Board's 1975 order. He also sought attorneys' fees and costs. The Board filed a motion to dismiss on the grounds that the court lacked jurisdiction and that the plaintiff failed to state a claim upon which relief could be granted. The district court granted the Board's motion to dismiss for lack of jurisdiction. The plaintiff appeals.
 
 
 5
 According to 29 U.S.C. § 160(f),
 
 
 6
 [a]ny person aggrieved by a final order of the Board granting or denying in whole or in part the relief sought may obtain a review of such order in any United States court of appeals in the circuit wherein the unfair labor practice in question was alleged to have been engaged in or wherein such person resides or transacts business, or in the United States Court of Appeals for the District of Columbia, by filing in such a court a written petition praying that the order of the Board be modified or set aside.
 
 
 7
 The district court correctly relied on this statute in concluding that it lacked jurisdiction to consider the plaintiff's complaint seeking relief from the Board's refusal to reopen his case. Only the courts of appeal have jurisdiction to review final orders of the Board.
 
 
 8
 Moreover, no "final order of the Board" denied the plaintiff relief before he appealed to the district court. According to the record, in 1989 the plaintiff challenged General Electric's compliance with the 1975 order by appealing to the Regional Director and later seeking a reconsideration, which was denied in August 1982. Almost three years later, in May 1992, the plaintiff appealed the Regional Director's decision to the Board's General Counsel. This appeal was untimely under 29 C.F.R. § 102.53, which requires action to contest the Regional Counsel's decision within 14 days of service of its opinion. Moreover, the plaintiff did not appeal the General Counsel's decision not to reopen the case. Because 29 C.F.R. § 102.53 provides an opportunity to appeal the General Counsel's decision to the Board within 14 days of service of the General Counsel's decision, it is clear that the plaintiff did not exhaust his administrative remedies before filing his district court complaint. Thus, not only did the district court lack jurisdiction over the plaintiff's case, but this court also lacks jurisdiction over the merits of the case because of the plaintiff's failure to exhaust his administrative remedies.
 
 
 9
 Nor can the plaintiff rely on the sole narrow exception to the statutory jurisdictional requirements created by case law. In Leedom v. Kyne, 358 U.S. 184 (1958), the Supreme Court opened the door to district court jurisdiction in limited cases involving appeals from Board orders. In Leedom, a union petitioned the Board for certification as the exclusive bargaining agent for all non-supervisory professional employees at a Westinghouse plant. In contravention of a statute requiring a vote of professional employees before their inclusion in a bargaining unit containing both professionals and non-professionals, the Board included both types of employees in a bargaining unit. The union sued in district court, alleging that the Board had exceeded its statutory power. The Supreme Court found that although a district court could not "review" a Board decision, it had jurisdiction to "strike down an order of the Board made in excess of its delegated powers and contrary to a specific prohibition in the Act." Id. at 188.
 
 
 10
 Leedom 's exception is inapplicable in this case because the Board has not exceeded its delegated powers or acted in contravention of a specific prohibition of the National Labor Relations Act. Indeed, the Board has not issued a final order; only the Regional Director and General Counsel have refused to reopen the plaintiff's case. Twenty-nine C.F.R. § 102.52 requires the Regional Director, charged with seeking compliance with Board orders, to issue a "compliance determination" from which the charging party can appeal to the General Counsel, and ultimately, to the Board.[1] The Board never had the opportunity to rule on the General Counsel's decision in this case.[2] The plaintiff, therefore, has not shown facts justifying the district court's jurisdiction pursuant to Leedom.
 
 
 11
 Because we have no jurisdiction to review this matter, and because the district court likewise lacked jurisdiction, the appeal is hereby DISMISSED.
 
 
 
 [1]
 One has 14 days to appeal a compliance determination from the Regional Director to the General Counsel, and from the General Counsel to the Board. 29 C.F.R. § 102.53
 
 
 [2]
 Even if the plaintiff now appealed the General Counsel's decision, the appeal would be untimely. 29 C.F.R. § 102.53